IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FREDERICK SMITH                                                                               PLAINTIFF

v.                                       No. 3:16-cv-89-DPM

U.S. DEPARTMENT OF EDUCATION;
BRIAN BEERS, Special Agent; and
PHILLIP CARTER, Former
City Council Member                                                                        DEFENDANTS


FREDERICK SMITH                                                                               PLAINTIFF

v.                                       No. 3:16-cv-163-DPM

DESOTO COUNTY SHERIFF
DEPARTMENT; LAKE VILLAGE
POLICE DEPARTMENT;
STATE OFARKANSAS; and
STATE OF MISSISSIPPI                                                                    DEFENDANTS

ORDER

1. Smith has pending motions in these two cases. The issues overlap. The Court directs the Clerk to file this order in each case. Smith has filed a fourth motion to vacate, and alternative motion to stay, in case No. 3:16-cv-89. He has filed a second motion to vacate in case No. 3:16-cv-163. It's similar to his first such motion, *compare № 8 with № 10*, but adds some things, including a recusal request.

**2.** Smith is mistaken about subject matter jurisdiction. A court always has power to decide whether it has jurisdiction to hear a case. *VanHorn v. Oelschlager*, 502 F.3d 775, 778 (8th Cir. 2007). This Court had jurisdiction over both these cases and concluded that Smith's various claims failed at the threshold. № 3 in case No. 3:16-cv-89; № 6 in case No. 3:16-cv-163.

**3.** Smith mentions the Court of Appeals; he did appeal in two of his cases, No. 3:14-cv-254 and No. 3:16-cv-10. And the Court of Appeals recently affirmed this Court's Judgment in each case. *Smith v. Democratic Party Arkansas*, No. 15-3535 (8th Cir. 17 August 2016); *Smith v. McKelvey*, No. 16-1726 (8th Cir. 4 August 2016).

**4.** Smith also mentions a pending complaint against me that questions my impartiality. I assume he's referring either to his petition for mandamus, which the Court of Appeals recently denied, or to the complaint he discusses in that petition, which he says he filed with the Administrative Office of the United States Courts. *In re: Frederick Smith*, No. 16-3425. I don't know anything else about a filing with the AO. In any event, a litigant can't disqualify a judge simply by filing a complaint about the judge's actions. *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000). Smith moved to disqualify me last

year in case No. 3:14-cv-254; I denied that motion. See № *40* in that case. Construing his latest filing in case No. 3:16-cv-163 as another motion to recuse, I deny it. I don't see any basis that requires or calls for recusal under 28 U.S.C. § 455(a) or (b). Adverse rulings don't equal bias or partiality. *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 611-12 (8th Cir. 1998).

**5.** For the reasons explained before, and again here, there's no defect in the Judgment in case No. 3:16-cv-89 that entitles Smith to relief from it. No stay is needed either; the Court of Appeals' recent denial of his petition for mandamus removes the premise of his stay request.

\* \* \*

Fourth motion to vacate, and alternative motion to stay, *№ 11* in case No. 3:16-cv-89, denied. Second motion to vacate, and embedded motion to recuse, *№ 10* in case No. 3:16-cv-163, denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

31 August 2016